**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GOVERNMENT OF GUAM, | No. 18-10242 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00010-FMTG |
| v. | |
| MARIO FERNANDO J. CORTEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Guam
Frances M. Tydingco-Gatewood, Chief Judge, Presiding

Submitted January 15, 2019[**]

Before: TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Mario Fernando J. Cortez appeals from the district court's judgment and

challenges the 33-month sentence imposed following his guilty-plea conviction for

attempt to evade and defeat tax, in violation of 26 U.S.C. § 7201, and fraud and

false statements, in violation of 26 U.S.C. § 7206(1). We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291, and we affirm, but remand to correct the judgment.

Cortez contends that the government breached the plea agreement by failing to move for an additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b).  Reviewing de novo, *see United States v. Whitney*, 673 F.3d 965, 970 (9th Cir. 2012), we conclude that the government did not breach. The agreement unambiguously stated that the government would move for an additional one-level adjustment for acceptance of responsibility "if U.S.S.G. § 3E1.1(b) applies."  As the government explained at sentencing, section 3E1.1(b) did not apply because Cortez's notification of his intention to plead guilty was not sufficiently timely to permit the government to avoid preparing for trial.  *See* U.S.S.G. § 3E1.1(b) & cmt. n.6.

Cortez also contends that the district court erred by not departing downward under U.S.S.G. § 5H1.4 based on his physical illnesses.  We review the denial of a departure not for procedural correctness, but rather as part of our review of the substantive reasonableness of the sentence.  *See United States v. Mohamed*, 459 F.3d 979, 986-87 (9th Cir. 2006).  Notwithstanding Cortez's physical impairments, his within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the nature of the offense.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court erred by electing to run Cortez's supervised release terms

consecutively. *See* 18 U.S.C. § 3624(e). Accordingly, we remand for the district court to amend the judgment to reflect that the supervised release terms shall run concurrently.

**AFFIRMED; REMANDED to correct the judgment.**